**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| AMIR R. COLLINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 4:25-cv-01038-SEP |
| | ) | |
| INDIGO AUTO GROUP, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff's Motion to Reopen Case and for Relief from Judgment Under Rule 60(b) after the Court dismissed the case on October 16, 2025. Doc. [15]. For the reasons set forth below, the motion is denied.

**FACTUAL BACKGROUND**

On February 5, 2025, Plaintiff brought this action for workplace discrimination and wrongful termination. Doc. [3]. Defendant removed the case to this Court on July 15, 2025, Doc. [1], and then moved to dismiss the following day, Doc. [6]. On August 4, 2025, Defendant filed a notice pointing out that Plaintiff had not yet filed a response, which had been due within 14 days of the filing of the motion to dismiss under Eastern District of Missouri Local Rule 4.01(B). Doc. [11]. On October 16, 2025, this Court granted Defendant's motion to dismiss because Plaintiff had failed to prosecute the action. Doc. [14]. Seven days later, Plaintiff filed the motion under review, seeking to reopen the case and claiming that he never received the Motion to Dismiss, Doc. [6], or any related filings. Doc. [15].

Defendant's Motion to Dismiss contains a certificate of service attesting that it served Plaintiff with the motion at the address Plaintiff listed in his Amended Complaint. *See* Doc. [6] at 2. Some weeks after the Motion to Dismiss was filed, mail sent by the Court to the slightly different address Plaintiff included in both the original Complaint and the motion to reopen was returned as undeliverable.[1] *See* Docs. [12], [13]. Yet Plaintiff has not alerted the Court to any change in his address.

[1] The return address on Plaintiff's Complaint is 800 Olive St. Apt 1018, St. Louis, MO 63101, Doc. [3] at 1, while his signature block at the end of the Amended Complaint lists 800 Olive St. Apt. 1018, St. Louis, MO 63701, Doc. [4] at 5. In his motion to reopen, Plaintiff restates the address in his original Complaint.

In his motion, Plaintiff alleges that he first became aware of the Motion to Dismiss on October 10, 2025, when he personally visited the Courthouse to inquire about the status of the case. Doc. [15]. As a result, Plaintiff claims, he did not have sufficient time to respond to the motion before the Court issued its judgment. Doc. [15]. Plaintiff asks the Court to reopen the case and grant him relief from its judgment because his failure to timely respond was "the direct result of lack of notice and circumstances beyond Plaintiff's control," which "constitutes excusable neglect within the meaning of Federal Rule of Civil Procedure 60(b)." *Id.* at 2.

## DISCUSSION

When determining whether a litigant's lapse was excusable neglect, courts consider such factors as (1) the danger of prejudice to the non-moving party (2) the length of delay and its potential impact on judicial proceedings, (3) whether the movant acted in good faith, and (4) the reason for the delay, including whether it was within the reasonable control of the movant. *Jones v. Noga*, 2021 WL 65450 at *1 (E.D. Mo. Jan. 7, 2021) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). The reason for the delay is "key." *Id.* at *1. Motions for relief from a final judgment under Rule 60(b) are disfavored and within the Court's discretion. *McCarthy v. Webster Univ.*, 2014 WL 5148188 at *3 (E.D. Mo. Oct. 14, 2014). The moving party "must establish its right to such relief by clear and convincing evidence" and show "exceptional circumstances" warranting "extraordinary relief." *Id.* (quoting *Stokors S.A. v. Morrison*, 147 F.3d 759, 761 (8th Cir. 1998)); *Graham v. Klipsch*, 2023 WL 2967778 at *2 (E.D. Mo. Apr. 14, 2023).

Here, the key factor—the reason for the delay—weighs against Plaintiff. *See Jones*, 2021 WL 65450 at *2. He asks the Court to excuse his failure to check on his case for nearly three months, while multiple attempts to contact him—at addresses *he* provided—failed. Even for a *pro se* litigant, the Court cannot find such neglect excusable. Plaintiffs have "an affirmative duty to monitor the docket" in their own cases. *Scobey v. Dobbs*, 2026 WL 1021690 at *1 (E.D. Mo. Apr. 15, 2026).

Under Eastern District of Missouri Local Rule 2.06(B), *pro se* parties must "promptly notify the Clerk and all other parties to the proceedings of any change in his or her address and telephone number." If mail is returned to the Court as undeliverable without a forwarding address, the *pro se* plaintiff must notify the Court of the change of address within 30 days or face dismissal. *Id.* It follows from Local Rule 2.06(B) that a pro se litigant has to check the docket at

least every 30 days to ensure that no mail has been returned undeliverable, especially if he has not recently received any communication from the Court.

Plaintiff obviously did not check the docket vigilantly enough to provide the Court with an updated address within 30 days after the Court's correspondence was returned as undeliverable. E.D. Mo. L.R. 2.06(B); Docs. [12], [13]. He also did not update his address when he visited in-person and learned that certain filings had not reached him. Nor did he provide a new address when he filed the Motion to Reopen Case. It is Plaintiff's responsibility to maintain a correct address with the Court; his failure to do so "demonstrates a lack of regard for the rules imposed by this Court, not good faith." *Jones*, 2021 WL 65450 at *2.

Plaintiff also did not act promptly when he became aware of the missed deadline. By his own account, he had notice of the Motion to Dismiss on October 10, 2025, six days before it was granted, but he waited 13 days to respond. Doc. [15]. Plaintiff could have taken immediate action, including requesting an extension or updating his address, on October 10th, but he did not.

Based on the foregoing, the Court cannot agree that Plaintiff's failure to respond to the Motion to Dismiss was due to factors outside of his control. All he had to do to avoid dismissal was monitor the docket and update his address as necessary—both of which were his responsibility. Therefore, he has not shown excusable neglect under Rule 60(b)(1).

Plaintiff does not cite any other ground for relief specified in Rule 60(b). Nor does he provide any other exceptional circumstance that might warrant extraordinary relief. He does not even explain his failure to comply with the Local Rules or his delay after he had notice of his delinquency. While this Court recognizes that Plaintiff is *pro se*, "[s]elf-represented litigants are not excused from compliance with procedural and local rules." *Gilmore v. City of Cape Girardeau*, 2025 WL 688989 at *3 (E.D. Mo. Mar. 4, 2025).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Reopen the Case and for Relief from Judgment under Rule 60(b), Doc. [15], is **DENIED.**

Dated this 28th day of September, 2026.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE